**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------- X

DESEAN HAGAN,

                    Plaintiff,

    -against-

New York City Police Department Officer
EDWIN VILLANUEVA, in his individual
capacity,

                  Defendant.

-------------------------------------------------------- X

**COMPLAINT**

No.  19-cv-3746

Plaintiff DESEAN HAGAN, by and through his attorneys, Bernstein Clarke & Moskovitz PLLC, as and for his complaint alleges as follows:

### JURISDICTION AND VENUE

1.    This action is brought pursuant to 42 U.S.C. § 1983 for violations of plaintiff's civil rights secured by the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

2.    This court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

3.    Venue is proper pursuant to 28 U.S.C. § 1391 in the Southern District, which is the judicial district where the events giving rise to this action took place.

### JURY DEMAND

4.    Plaintiff demands a trial by jury in this action on each and every one of his claims for which jury trial is legally available.

**THE PARTIES**

5.      Plaintiff DESEAN HAGAN is a citizen of the United States and of the State of New York.

6.      Defendant EDWIN VILLANUEVA was, at all relevant times, employed by the City of New York and acted under color of law in the course and scope of his duties and authority as a police officer with the New York City Police Department ("NYPD").

7.      At all relevant times, VILLANUEVA violated plaintiff's clearly established rights under the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution of which a reasonable law enforcement officer in VILLANUEVA's circumstances would have known.

**STATEMENT OF FACTS**

8.      On April 28, 2016, in the vicinity of 124th Street and Fifth Avenue in Manhattan, Plaintiff was arrested by a New York City Police Department ("NYPD") officer.

9.      Plaintiff had done nothing illegal that would justify his arrest.

10.     The officer who arrested Plaintiff did so because Defendant NYPD Police Officer Edwin Villanueva falsely stated that he had seen Plaintiff expose himself in a public place.

11.     Plaintiff had not exposed himself.

12.     Plaintiff was transported to an NYPD precinct where he was photographed, fingerprinted, and searched.

13.     Plaintiff was later transported to Manhattan Central Booking.

14.     On April 28, 2016, Defendant provided false information to the New York County District Attorney's Office that he had seen Plaintiff expose himself to other people in a public place.

15.     On April 29, 2016, Plaintiff was charged in New York County Criminal Court under Docket No. 2016NY026835 with two misdemeanor charges for public lewdness (Penal Law § 245.00(a)) and exposure of a person (Penal Law § 245.01).

16.     The Criminal Court complaint signed by Defendant contained a false statement that he had seen Plaintiff expose himself to other people in a public place.

17.     Plaintiff was forced to return to court on several occasions to defend himself against the false charges.

18.     On November 2, 2016, after a bench trial before Criminal Court Justice Ann Scherzer, Plaintiff was found not guilty.

19.     As a result of the foregoing, Plaintiff suffered, *inter alia*, the loss of liberty, pain and suffering, garden variety emotional distress, and the deprivation of his constitutional rights.

**FIRST CAUSE OF ACTION**
**42 U.S.C. § 1983 – False Arrest**

20.     Plaintiff realleges and incorporates by reference each and every allegation set forth in the foregoing paragraphs as if fully set forth herein.

21.     In committing the acts and omissions complained of herein, Defendant acted under color of state law to deprive Plaintiff of certain constitutionally protected rights under the Fourth and Fourteenth Amendments to the United States Constitution, including, but not limited to the right to be free from unreasonable seizure of his person and the right to be free from arrest without probable cause;

22.     As a direct and proximate result of Defendant's deprivation of Plaintiff's constitutional rights, plaintiff suffered the injuries and damages set forth above.

23.     The unlawful conduct of Defendant was willful, malicious, oppressive, and/or reckless, and was of such a nature that punitive damages should be imposed.

## SECOND CAUSE OF ACTION
### 42 U.S.C. § 1983 – Denial of Fair Trial

24.     Plaintiff realleges and incorporates by reference each and every allegation set forth in the foregoing paragraphs as if fully set forth herein.

25.     In committing the acts and omissions complained of herein, Defendant acted under color of state law to deprive Plaintiff of certain constitutionally protected rights under the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, including, but not limited to the right to be free from unreasonable seizure of his person, the right to be free from deprivation of liberty without due process of law, and the right to a fair trial.

26.     As a direct and proximate result of Defendant's deprivation of Plaintiff's constitutional rights, plaintiff suffered the injuries and damages set forth above.

27.     The unlawful conduct of Defendant was willful, malicious, oppressive, and/or reckless, and was of such a nature that punitive damages should be imposed.

## THIRD CAUSE OF ACTION
### 42 U.S.C. § 1983 – Unconstitutional Prosecution

28.     Plaintiff realleges and incorporates by reference each and every allegation set forth in the foregoing paragraphs as if fully set forth herein.

29.     In committing the acts and omissions complained of herein, Defendant acted under color of state law to deprive Plaintiff of certain constitutionally protected rights under the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, including, but not limited to the right to be free from unreasonable seizure of his person and the right to be free from malicious prosecution.

4

30.     As a direct and proximate result of Defendant's deprivation of Plaintiff's constitutional rights, plaintiff suffered the injuries and damages set forth above.

31.     The unlawful conduct of Defendant was willful, malicious, oppressive, and/or reckless, and was of such a nature that punitive damages should be imposed.

**WHEREFORE**, Plaintiff demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A)     full and fair compensatory damages in an amount to be determined by a jury;

(B)     punitive damages in an amount to be determined by a jury;

(C)     reasonable attorney's fees;

(D)     the costs and disbursements of this action;

(E)     interest; and

(F)     such other and further relief as appears just and proper.

Dated: New York, New York
       April 26, 2019

BERNSTEIN CLARKE & MOSKOVITZ PLLC
11 Park Place, Suite 914
New York, New York 10007
(212) 321-0087

By: _____
    Joshua S. Moskovitz

*Attorneys for Plaintiff DeSean Hagan*